CHIESA SHAHINIAN & GIANTOMASI PC
Darren Grzyb, Esq.
One Boland Drive
West Orange, NJ 07052
-and-
11 Times Square, 31st Floor
New York, NY 10036
Tel: (973) 530-2077
Fax: (973) 530-2277

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 7 |
|---|---|
| J.P.R. Mechanical Inc. | Case No. 19-23480 (RDD) |
|  | (Jointly Administered) |
| Debtor. | Hearing Date: September 9, 2019 |

**LIMITED OBJECTION BY FIDELITY AND DEPOSIT COMPANY OF MARYLAND TO RESERVE RIGHTS AS TO THE ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 363, 365 AND 506 OF THE BANKRUPTCY CODE AUTHORIZING THE TRUSTEE TO COMPLETE A TRANSACTION WITH SKANSKA MOYNIHAN TRAIN HALL BUILDERS, A JOINT VENTURE [DOC. NO. 28] (THE "MOTION")**

Fidelity and Deposit Company of Maryland (the "Surety") by and through its attorneys, Chiesa Shahinian & Giantomasi PC, respectfully files this Limited Objection to the Motion and states as follows:

1. While the Surety does not seek to prevent the consummation of the Transaction,[1] it is entering this Limited Objection to reserve the Surety's rights, if any, in the balance of the price of the JPR Subcontract, including the Payment to be made pursuant to the Motion (the "Subcontract Balance"), pursuant to the Surety's equitable rights of

---

[1] Capitalized terms herein shall have the same meaning as is set forth in the Motion, unless otherwise defined in this Limited Objection.

subrogation, its contractual rights under the General Indemnity Agreements that the debtor executed in favor of the Surety, pursuant to the common law, or otherwise, and to ensure that the Trustee acknowledges that it is taking the Payment subject to any and all applicable construction trust funds, including pursuant to Article 3-A of the Lien Law.

2. By way of brief background, the Surety issued a Payment and Performance Bond for JPR Mechanical, as principal, in favor of Skanska, as obligee, in connection with the JPR Subcontract, under which, subject to the terms and conditions of the Payment and Performance Bonds, the Surety guaranteed, respectively, JPR Mechanical's performance of the JPR Subcontract and its payment for labor and material.

3. By letter dated August 19, 2019, Skanska advised the Surety that, in light of JPR Mechanical's ceasing performance of the JPR Subcontract, Skanska was going to supplement JPR Mechanical's work on the Project and that Skanska reserved all rights and remedies under the JPR Subcontract and the Performance Bond.

4. Subsequent to the August 19, 2019 notice, Skanska advised that it imminently needed the release of 37 rooftop exhaust fans and related equipment that were on hand with rigger Skylift Contracting Corp. ("Skylfit") so that they could be hoisted to the roof of the Project before the tower crane was dismantled on September 13, 2019. According to Skanska, the failure to hoist the fans and associated equipment prior to the September 13 date would cause Skanska significant damages.

5. While the Surety can take no position as to the accuracy of these representations, the Surety does not seek to prevent the Transaction based upon the representation by Skanska that the Transaction will constitute a mitigation effort. However, the Surety hereby submits this Limited Objection to ensure certain of its rights, and the rights of others, are reserved as to the Payment and Subcontract Balance. More particularly, to the extent that Skanska makes demand on the Surety for performance or payment under the

Performance Bond, the Surety has rights of equitable subrogation with respect to the Subcontract Balance. The Surety also has a contractual right to the Subcontract Balance under the General Indemnity Agreement and the Performance Bond and pursuant to the common law. Lastly, the Trustee takes the Payment as trustee pursuant to Article 3-A of the Lien Law for the Article 3-A beneficiaries. To the extent that the Surety pays any trust beneficiaries pursuant to its bonds, it will be subrogated to the rights of the beneficiaries and be able to enforce their trust rights. *See generally Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136-37 (1962) ("And probably there are few doctrines better established than that a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed"); *United States Fid. & Guar. Co. v. Triborough Bridge Auth.*, 297 N.Y. 31, 35, 74 N.E.2d 226, 227 (1947) ("the equity in the surety's favor arose at the time it gave its bond, although the right became available and enforcible [sic] when it carried out the contract's provisions").

By reason of the forgoing, the Surety hereby requests that the Order entered pursuant to the Motion provide that the Payment and Transaction is subject to a reservation of the Surety's rights, if any, and that the Trustee takes the Payment subject to any construction trust fund, including, but not limited to, any statutory trust fund, such as the Article 3-A of the Lien Law.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Fidelity and Deposit Company
of Maryland and Zurich American Insurance
Company

By:    /s/ Darren Grzyb
       DARREN GRZYB

Dated: September 6, 2019