UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 7

J.P.R. MECHANICAL INC.                              Case No.: 19-23480-RDD
d/b/a JPR MECHANICAL, et al.,                       (Jointly Administered)

                              Debtors.
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105, 363, 365 AND 506 OF THE BANKRUPTCY CODE AUTHORIZING THE TRUSTEE TO COMPLETE A TRANSACTION WITH SKANSKA MOYNIHAN TRAIN HALL BUILDERS, A JOINT VENTURE, AND SHORTENING NOTICE**

Upon the motion [Dkt. No. 28] (the "Motion")[1] of Marianne T. O'Toole, solely in her capacity as the Chapter 7 trustee ("Trustee") of the jointly-administered estates of J.P.R. Mechanical Inc. d/b/a JPR Mechanical (the "JPR Mechanical"), J.P.R. Mechanical Services, Inc. ("JPR Mechanical Services") and J&G Group Inc. ("J&G" and, together with JPR Mechanical and JPR Mechanical Services, the "Debtors") seeking entry of an order pursuant to §§ 105, 363, 365 and 506 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to complete a certain Transaction with Skanska Moynihan Train Hall Builders, a Joint Venture ("Skanska") as described in the Motion (the "Skanska Transaction"); and upon the Trustee's motion for an order scheduling a hearing on the Motion on shortened and limited notice [Dkt. No. 29] (the "Motion to Shorten"); and upon the Notice of Hearing on the Motion and Motion to Shorten [Dkt. No. 30] (the "Notice") and the Affidavit of Service evidencing proof of service of the Motion, the Motion to Shorten and the Notice [Dkt. No. 35]; and upon the limited objection to the Motion filed on behalf of Dime Community Bank [Dkt. No. 37] (the "Dime Objection");

---

[1] Capitalized terms that are not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

and upon the limited objection to the Motion filed on behalf of Fidelity and Deposit Company of Maryland [Dkt. No. 38] ("Surety Objection"); and upon the hearing held by the Court on the Motion to Shorten and the Motion on September 9, 2019 (the "Hearing"), the record of which is incorporated herein by reference; and upon the withdrawal of the Dime Objection and the Surety Objection at the Hearing; and no other objections to the Motion having been made; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

    A.    This Court has jurisdiction over the Motion to Shorten and the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).

    B.    Consideration of the Motion to Shorten and the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

    C.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    Notice of the Motion to Shorten and the Motion and the relief requested therein was adequate and no other or further notice is required.

    E.    The Skanska Transaction was negotiated, proposed and entered into by the Trustee and Skanska in good faith, without collusion or fraud, and from arms'-length bargaining positions.

    F.    Skanska is a "good faith purchaser" acting in good faith within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

    G.    In the absence of any person obtaining a stay pending appeal, effective upon the delivery of the Payment, it shall be deemed that neither the Trustee, nor Skanska, have engaged in any conduct that would cause or permit the Skanska Transaction to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

H.  The Payment in respect of the Fans was not controlled by any agreement among potential purchasers and neither the Trustee nor Skanska have engaged in collusion, fraud, or any conduct that would cause or permit the Skanska Transaction to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code or that would prevent the application of section 363(m) of the Bankruptcy Code.

I.  The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion to Shorten and the Motion, including, without limitation, that the Trustee has satisfied one or more of the grounds for the Skanska Transaction to be free and clear of all Claims on, in or against the Fans under section 363(f) of the Bankruptcy Code and that such Transaction is an exercise of the Trustee's good business judgment.

J.  The legal and factual bases set forth in the Motion and on the record at the Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

A. The Motion to Shorten is granted.

B.1 Pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Trustee is authorized to enter into and complete the Skanska Transaction and transfer the Fans, including all related manufacturer's warranties and extended warranties, to Skanska for the sum of $215,000 (the "<u>Payment</u>"), which shall be made to the Trustee by wire transfer upon entry of this Order (assuming no stay of this Order is then in effect) and prior to the pickup of the Fans. The Payment shall be deposited by the Trustee in an account maintained by the Trustee for the estate of JPR Mechanical and shall not be otherwise used by the Trustee without further order of this Court.

2. The Payment provided by Skanska in connection with the Skanska Transaction is fair and reasonable and constitutes reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act.

3. The Fans shall be transferred to Skanska in accordance with the terms of this Order and the Skanka Transaction, and upon clearance of the Payment, such transfer shall (a) be valid, legal binding and effective and (b) vest Skanska with any and all right, title and interest of the Debtors and the Trustee in the Fans.

4. The transfer of the Fans to Skanska shall be free and clear of all Claims on, in or against the Fans (including Claims of any Governmental Authorities (as hereinafter defined)) in accordance with section 363(f) of the Bankruptcy Code, with all such Claims to attach to the Payment, upon its clearance, with the same validity, force and effect, in the same amount and priority, as such Claims existed as of the date the Debtors filed their petitions for relief with this Court, subject to any claims and defenses the Debtors and/or the Trustee may possess with respect thereto, in each case immediately before the transfer of the Payment; _provided_, _however_, that the Trustee, on behalf of herself and her professionals, reserves all rights to seek relief under section 506(c) of the Bankruptcy Code with respect to the Fans, except as against Skanska, its parents, subsidiaries, partners and affiliates, Moynihan Train Hall Developer LLC and the New York State Urban Development Corporation d/b/a Empire State Development Corporation.

5. The Trustee is authorized to direct Skylift Contracting Corp. ("_Skylift_"), and Skylift is hereby directed, to release the Fans at Skylift's premises to Skanska (or its agents) upon payment by Skanska to Skylift of the amounts owing to Skylift for storage and loading of the Fans, which amounts shall not exceed Five Thousand Dollars ($5,000) (the "_Skylift Payment_"); _provided_ _that_

4

in no event shall the Trustee or the Debtors' estates be required to pay any sums to Skylift to release the Fans.

6. Skanska shall be responsible to make the Skylift Payment directly to Skylift prior to removal of the Fans from Skylift's premises or upon such other terms as Skanska and Skylift may agree.

7. Skanska (or its agent(s) responsible for transporting the Fans to the Project) shall maintain appropriate insurance covering the removal of the Fans and shall provide proof of such insurance to the Trustee prior to the pickup of the Fans from Skylift's premises.

8. The Fans will be transferred to Skanska "as is", "where is", "with all faults" and without any representations, covenants, guarantees or warranties of any kind or nature from the Trustee or the Debtors' estates; _provided_, _however_, that, anything in this Order to the contrary notwithstanding, the transfer of the Fans to Skanska shall include, and is hereby deemed to include, the transfer by the Trustee to Skanska of all manufacturer's warranties and extended warranties relating to the Fans ("_Warranties and Extended Warranties_"); _provided_ _further_, _however_, that in the event any of the Fans are missing, damaged or otherwise not in new condition or not in the condition required under the JPR Subcontract ("_Unserviceable Fan or Fans_") at the time they are picked up from Skylift's yard by Skanska (or its agents), Skanska shall not be obligated to accept such Unserviceable Fan or Fans; _provided_, _further_, that once any Fan or Fans are picked up from Skylift's yard by Skanska (or its agents), Skanska shall be deemed to have accepted such Fan or Fans and shall have no further recourse against the Trustee or the Debtors' estates or the Payment with respect to such Fan or Fans.

9. Skanska shall be entitled to a refund for each Unserviceable Fan that it does not accept at the time of pickup equal to the product obtained by multiplying $180,000 by a fraction, the

5

numerator of which shall be the price or prices charged to JPR Mechanical Services by SRS for the Unserviceable Fan or Fans and the denominator of which shall be $101,750 (<u>i.e.</u>, the total charged to JPR Mechanical Services for all the Fans); <u>provided</u> <u>that</u> Skanska notifies the Trustee and her counsel in writing by electronic mail to [motoole@otoolegroup.com](mailto:motoole@otoolegroup.com) and [sl@lhmlawfirm.com](mailto:sl@lhmlawfirm.com) ("<u>Notice</u>"); <u>provided</u> <u>further</u> that in no event shall the Trustee retain less than $35,000 of the Payment. Following such Notice, the Trustee is authorized to pay any such refund from the Payment to Skanska without further Order of the Court, which refund shall be paid within five (5) business days of receipt of the Notice.

10. The Trustee is authorized in her sole and absolute discretion, but not directed, to execute and deliver to Skanska any documents Skanska requests or requires in order to transfer the Warranties and Extended Warranties.

11. The provisions of this Order shall be self-executing, and neither the Trustee nor Skanska shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office (each, a "<u>Governmental Authority</u>") and all such departments and offices are hereby directed to accept a certified copy of this Order for filing.

12. Upon clearance of the Payment, and subject to the terms of this Order, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Trustee of the Fans or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Trustee's right, title, and interest in and to the Fans to Skanska.

6

13. Skanska is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and is hereby granted, the full rights, benefits, privileges, and protections of section 363(m) of the Bankruptcy Code. The Skanska Transaction is undertaken by Skanska without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein of the Transaction shall neither affect the validity of the Skanska Transaction nor the transfer of the Fans owned by the Debtors to Skanska, free and clear of Claims, unless such authorization is duly stayed before the transfer of the Payment to the Trustee pending such appeal. The Trustee and Skanska will be acting in good faith if they proceed to consummate the Transaction at any time after entry of this Order.

14. Neither the Trustee nor Skanska have engaged in any conduct that would cause or permit the transaction to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code. The Skanska Transaction shall not be avoidable under section 363(n) or chapter 5 of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Skanska Transaction.

15. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply to this Order. Time is of the essence in closing the Skanska Transaction and the Trustee and Skanska intend to close the Skanska Transaction as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by

law and prior to the transfer of the Payment or risk its appeal will be foreclosed as moot. This Order constitutes a final order upon which the Trustee and Skanska are entitled to rely.

16. This Order shall be binding upon, and shall inure to the benefit of, the Debtors, their estates and creditors, and Skanska and its respective successors and assigns.

17. The Trustee, on behalf of herself and the Debtors' estates, and Skanska, each expressly reserve any and all of their respective rights, claims and remedies with respect to the JPR Subcontract, the balance of the Project and the application of the Payment.

18. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

19. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: September 9, 2019
       White Plains, New York

                                      /s/Robert D. Drain
                                      Hon. Robert D. Drain
                                      United States Bankruptcy Judge